IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Luis Alfredo Cáceres and Luis Angel Cáceres, Individually, as executor of the Estate of Alfredo Cáceres, and as trustee of the Luis Angel Cáceres Charitable Remainder Unitrust,<br><br>Plaintiffs,<br><br>v.<br><br>Sidley Austin LLP,<br><br>Defendant. | Case No. 1:23-CV-00844-SDG |

**PLAINTIFFS' MOTION FOR JUDICIAL ESTOPPEL
AND SUPPORTING MEMORANDUM OF LAW**

Plaintiffs Luis Alfredo Cáceres and Luis Angel Cáceres, Individually, as executor of the Estate of Alfredo Cáceres, and as trustee of the Luis Angel Cáceres Charitable Remainder Unitrust (collectively, the "Cácereses") move for an order estopping Defendant Sidley Austin LLP from reversing the position it successfully advanced to two other federal courts in the Eleventh Circuit that a tax shelter plaintiff's claims are not ripe until the plaintiff's dispute with the IRS is resolved.

In its Reply in support of its Motion to Dismiss the First Amended Complaint, Sidley attempts to dance around its prior litigation positions in *Loftin*

*v. KPMG LLP* in a manner that cannot be reconciled with the briefs it filed in that case and in *Gainor v. Sidley Austin Brown & Wood, LLP,* a subsequent case where Sidley relied on the decision in *Loftin*. In both the *Loftin* and *Gainor* cases, Sidley obtained dismissal of tax shelter liability claims on grounds that the claims were not ripe—and yet here, Sidley argues the Cácereses were obligated to file unripe claims before suffering any damages for their claims to be timely.

## Legal Standard

The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim asserted by the party in a previous proceeding. "The doctrine [of judicial estoppel] is designed to prevent parties from making a mockery of justice by inconsistent pleadings." *Amer. Nat'l Bank of Jacksonville v. FDIC*, 710 F.2d 1528 (11th Cir. 1983). Judicial estoppel is a flexible doctrine employed to prevent parties from playing "fast and loose" with the courts by assuming entirely contradictory positions in two different tribunals. 18 Moore's Federal Practice § 134.31 (Matthew Bender 3d ed.) (cases therein). Judicial estoppel has been applied to cases in which the prior inconsistent position was taken in an administrative forum. 18 Moore's Federal Practice § 134.30 (Matthew Bender 3d ed.) (cases therein).

The Supreme Court identified three general factors that should be considered in evaluating a judicial estoppel claim: (1) whether the later position is

2

clearly inconsistent with the earlier position; (2) whether the party succeeded in the earlier proceeding; and (3) whether the party asserting the inconsistent position would derive an unfair advantage or impose an unfair detriment on an opposing party if estoppel is not applied. *New Hampshire v. Maine*, 532 U.S. 742 (2001). Each of these factors weighs in favor of estopping Sidley from reversing its position that a tax shelter plaintiff's claims are not ripe until its dispute with the IRS is concluded.

## Argument

In prior litigation involving tax shelter malpractice claims, Sidley has repeatedly maintained that a tax shelter plaintiff's claims against Sidley are not ripe until that plaintiff resolves its dispute with the IRS. Sidley now asserts the opposite position, arguing that the Cácereses claims were ripe years before the IRS first filed any action against the Cácereses. These positions are in direct conflict and would, taken together, yield the absurd result of claims that are simultaneously unripe and untimely. Sidley should be judicially estopped from maintaining these inconsistent positions.

The Cácereses respectfully submit the following pleadings filed by Sidley arguing that a tax shelter plaintiff's claims are not ripe until the conclusion of that plaintiff's dispute with the IRS:

1. Sidley Austin Brown & Wood LLP's[1] Motion to Dismiss Plaintiffs' Complaint filed in *Gainor v. Sidley Austin Brown & Wood, LLP*, No. 04-22058-CIV-MORENO/Garber (S.D. Fla. Sept. 7, 2004), attached hereto as **Exhibit A**.

2. Sidley Austin Brown & Wood LLP's Motion to Dismiss filed in *Loftin v. KPMG LLP*, No. 02-81166-CIV-RYSKAMP (S.D. Fla. Jun. 11, 2003), attached hereto as **Exhibit B**.

3. Sidley Austin Brown & Wood LLP's Reply in Further Support of its Motion to Dismiss filed in *Loftin v. KPMG LLP*, No. 02-81166-CIV-RYSKAMP (S.D. Fla. July 14, 2003), attached hereto as **Exhibit C**.[2]

In this action, Sidley argues that the Cácereses' claims for breach of contract and professional negligence are untimely because the statute of limitations begins to run at the time of the breach, regardless of whether the Cácereses suffered damages. Sidley Reply, ECF No. 27, pp. 2-4. But Sidley took the opposite position in *Gainor v. Sidley*, arguing for dismissal of claims including malpractice, breach of oral contract, breach of contract implied in fact, and breach of contract implied in law or unjust enrichment on ripeness grounds:

---

[1] As Sidley has explained, "[o]n May 1, 2001, Brown & Wood merged with Sidley & Austin. The merged firm was named Sidley Austin Brown & Wood LLP. On January 1, 2006, the name of the merged firm was changed to Sidley Austin LLP." ECF No. 24-1, p. 1.

[2] "A district court may take judicial notice of public records, [] and may consider them on a motion to dismiss without converting the motion to one for summary judgment." *Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed. Appx. 52, 53-54 (11th Cir. 2006). For the court's convenience, Plaintiffs highlighted the relevant portions of the briefs that are at odds with Sidley's positions here.

> Put simply, until Plaintiff conclusively resolves his negotiations with the IRS, the Court cannot know whether Plaintiff will take an administrative appeal of the IRS's position, litigate with the IRS in the Tax Court or the District Court, or pay some unspecified tax. Indeed, as of now, no one knows for certain whether Plaintiff will *ever* pay additional tax or penalties. Furthermore, should Plaintiff settle with the IRS on favorable terms, he may actually profit from the transaction and again have no viable claim.

Ex. A, p. 7. Sidley's position in *Gainor* is nearly identical to Plaintiff's arguments here. *See* Cáceres Resp., ECF 26, p. 2. ("Had the Cácereses filed claims against Sidley at any time between 1998 and 2021, those claims would have been unsustainable because the Cácereses had suffered no damages, and any claim to the contrary would have been mere speculation.").

Sidley argues here that "the Cácereses suffered 'appreciable harm' arising out of the purportedly negligent opinion letter as early as when they paid fees to Sidley in 1997 and certainly no later than when they started incurring fees in the IRS action in 2018[.]" Sidley Reply, ECF No. 27, p. 5. But again, Sidley took the opposite position in *Loftin v. KPMG LLP*, arguing that "[u]ntil there is a final settlement between the IRS and Plaintiff or a determination of his tax liability, Plaintiff does not have even a colorable basis upon which to base his fraud, negligent misrepresentation, breach of fiduciary duty, and civil RICO claims." Ex. B, p. 7. In its reply, Sidley tries to distinguish *Loftin* from this case on the grounds that "[t]here was also no allegation in the complaint that the plaintiff paid Sidley for the opinion letter he received." Defendant's Reply in Support of Motion to

5

Dismiss, ECF No. 27, pp. 4-5. But in *Loftin*, Sidley took the opposite position: "Plaintiff also suggests that his claim is ripe because he paid fees to [Sidley]. As of now, there is no evidence that Plaintiff will suffer harm from paying [Sidley]; therefore paying [Sidley] cannot constitute harm." Ex. C, p. 4. Sidley went so far as to claim that

> Plaintiff will suffer harm only <u>if</u> his dispute with the IRS is resolved in a manner adverse to him (whether through litigation or the execution of a final settlement agreement that causes Plaintiff damage). Having saved millions of dollars by employing certain tax treatments, Plaintiff can hardly show that he has suffered an injury merely by hiring attorneys to defend their validity.

*Id.* (emphasis in original).

All of the general factors courts should consider in applying the doctrine of judicial estoppel weigh in favor of barring Sidley from reversing its position now. *See New Hampshire v. Maine*, 532 U.S. 742 (2001). The positions Sidley takes here are directly inconsistent with its earlier positions in *Gainor* and *Loftin*. Sidley was also successful in the earlier proceedings; the *Gainor* action was voluntarily dismissed after the filing of its motion (*See* Notice of Voluntary Dismissal in *Gainor v. Sidley Austin Brown & Wood, LLP*, No. 04-22058-CIV-MORENO/Garber (S.D. Fla. Dec. 20, 2004), attached hereto as **Exhibit D**), and the *Loftin* action was dismissed on ripeness grounds (*Loftin v. KPMG LLP*, No. 02-81166-CIV, 2003 WL 22225621 (S.D. Fla. Sept. 10, 2003)). Further, in *Loftin*, Sidley was represented by the very same lawyers (Munger Tolles) who represent it here. Sidley would derive an unfair

6

advantage if not barred from asserting this inconsistent position, because it would enable Sidley to argue that all tax shelter claims are either unripe, untimely, or both at once. Sidley should therefore be estopped from reversing its position that a tax shelter plaintiff's claims are not ripe until its dispute with the IRS is concluded.

## Conclusion

WHEREFORE, for the reasons stated, Plaintiffs respectfully request that the Court estop Sidley from arguing that the Cácereses' claims were required to be brought before conclusion of its dispute with the IRS.

Respectfully submitted,

/s/Michael E. Brooks

| | |
|---|---|
| BROOKS & WARNER LLC | Michael E. Brooks |
| 1768 Century Boulevard NE, Suite B | Georgia Bar No. 084710 |
| Atlanta, Georgia  30345 | mbrooks@brooksandwarner.com |
| (404) 681-0720 – Brooks Direct | Jill Warner |
| (404) 681-0730 – Warner Direct | Georgia Bar No. 378472 |
| (404) 681-0780 – Fax | jwarner@brooksandwarner.com |
| | |
| SPERLING & SLATER, P.C. | Scott F. Hessell |
| 55 West Monroe St., Suite 3200 | Admitted Pro Hac Vice |
| Chicago, Illinois 60603 | shessell@sperling-law.com |
| T - (312) 641-4882 | Clayton Faits |
| F - (312) 641-6492 | Admitted Pro Hac Vice |
| | cfaits@sperling-law.com |

Attorneys for Plaintiffs

## CERTIFICATION AS TO FONT AND POINT SELECTION

In accordance with Local Rule 7.1(D), the undersigned certifies that this brief was prepared with Book Antiqua 13, a font and point selection approved by the Court in Local Rule 5.1(C).

/s/Michael E. Brooks
Michael E. Brooks

CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2024, I electronically filed the foregoing PLAINTIFFS' MOTION FOR JUDICIAL ESTOPPEL AND SUPPORTING MEMORANDUM OF LAW with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Brad D. Brian, Esq. | Michael A. Caplan, Esq. |
| John B. Major, Esq. | Jarred A. Klorfein, Esq. |
| Munger Tolles & Olson LLP | Caplan Cobb LLC |
| 350 South Grand Avenue, Suite 50th Floor | 75 14th Street NE, Suite 2700 |
| Los Angeles, California 90071 | Atlanta, Georgia 30309 |

Xiaonan April Hu, Esq.
Munger Tolles & Olson LLP
601 Massachusetts Avenue, N.W., Suite 500E
Washington, DC 20001-5369

| | |
|---|---|
| | /s/Michael E. Brooks |
| BROOKS & WARNER LLC | Michael E. Brooks |
| 1768 Century Boulevard NE, Suite B | Georgia Bar No. 084710 |
| Atlanta, Georgia 30345 | mbrooks@brooksandwarner.com |
| (404) 681-0720 – Brooks Direct | |
| (404) 681-0780 – Fax | Attorney for Plaintiffs |