IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Luis Alfredo Cáceres and Luis Angel Cáceres, Individually, as executor of the Estate of Alfredo Cáceres, and as trustee of the Luis Angel Cáceres Charitable Remainder Unitrust,<br><br>Plaintiffs,<br><br>v.<br><br>Sidley Austin LLP,<br><br>Defendant. | Case No. 1:23-CV-00844-SDG |

**STIPULATION AND ORDER GOVERNING PRODUCTION AND EXCHANGE OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL DISCOVERY MATERIALS**

One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c). Sidley contends that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, and/or deposition testimony. Sidley further contends that the entry of this

1

Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information. Plaintiffs do not object to entry of the protective order but reserve all rights to object to confidentiality designations as provided for below.

Based upon the above stipulation of the parties, and the Court being duly advised,

IT IS HEREBY ORDERED as follows:

1. All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" or "Attorneys' Eyes Only" shall be used only in this proceeding.

2. **Definition of Confidential.**  Any producing party may designate any information or documents as "Confidential" under the terms of this Stipulation if such producing party in good faith believes that such material contains non-public, confidential, proprietary, personal, or otherwise sensitive information that requires the protections provided in this Stipulation, including commercial, legal, or financial information that the producing party has maintained as confidential.

3. **Definition of Attorneys' Eyes Only.**  Any Producing Party may designate any information or documents as "Attorneys' Eyes Only"

under the terms of this Stipulation if such party in good faith believes that the designated material contains confidential, commercially sensitive, or proprietary information, the disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means, related to any of the following: legal information, communications or analysis; business plans; client information; confidential agreements with third parties; financial information or personally identifiable information of third parties; or any other information of corresponding sensitivity that the production party has maintained as confidential.

4. Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the

burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

5. The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. The party shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," if practical to do so. Documents produced in native electronic format shall be designated as subject to this Protective Order by including the text "Confidential" or "Attorneys' Eyes Only" in either the name of each file or metadata corresponding to each file the party wishes to designate.

6. If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as such. If a party is filing a document that it has itself designated as "Confidential" or "Attorneys' Eyes Only," that party shall reference this Protective Order in submitting the documents it

proposes to maintain under seal.  If a non-designating party is filing a document that another party has designated as "Confidential" or "Attorneys' Eyes Only," then the non-designating party shall file the document under seal.  If the non-designating party makes a request in writing to have the document unsealed and designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document.  Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

7. Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" or "Attorneys' Eyes Only" any portion of the transcript that the party or witness contends discloses confidential information.  If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked with the corresponding designation.  Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

8.     "Confidential" or "Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc., have been filed under seal by counsel and marked in the same manner as described in paragraphs 5 and 6 above.  Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

9.     Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

(a)    Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

(b)    In-house counsel for the parties, and the administrative staff for each in-house counsel.

(c)    Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action

who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

(d)     Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

(e)     The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

(f)     The authors and the original recipients of the documents.

(g)     Any court reporter or videographer reporting a deposition.

(h)     Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

(i)     Any witness whose testimony is taken or is to be taken in this action, and his or her counsel, provided, however, that information,

documents, or portions of documents marked "Confidential" may be disclosed to such person only in preparation for his or her testimony and that such person not retain such "Confidential" material after his or her testimony is concluded, aside from a copy of the transcript of the witness's testimony and any exhibits introduced during the witness's testimony.

(j) Any non-party jointly engaged by the parties, including but not limited to any arbitrator or mediator in any alternative dispute resolution procedures in which the parties may participate.

10. Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 9(a), 9(b), 9(d), 9(e), 9(f), 9(g), 9(h), and 9(j) unless additional persons are stipulated by counsel or authorized by the Court.

11. Prior to being shown any documents produced by another party marked "Confidential" or "Attorneys' Eyes Only," any person listed under paragraph 9(c) or 9(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A. The failure of any person or entity to execute the agreement in Exhibit A shall not relieve any

8

recipient of documents marked "Confidential" or "Attorneys' Eyes Only" from compliance with the provisions of this Protective Order, provided that the recipient has actual notice of the provisions of this Protective Order.

12. Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraphs 9 and 10, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

13. In the event of a hearing or trial in this matter at which any party intends to present information designated as "Confidential" in open court, counsel for the parties will confer to determine what safeguards, if any, may be necessary and shall attempt to determine the least intrusive and burdensome means of protecting information designated as "Confidential" during the proceeding. To the extent that counsel are unable to agree on appropriate procedures, any disputes will be submitted to the Court for resolution.

14. Each party reserves the right to dispute the "Confidential" or "Attorneys' Eyes Only" status claimed by any other party (including any subpoenaed party) in accordance with this Protective Order and Standing Order Sections III.f and III.h.  If the parties are unable to resolve the matter informally, a party may file an appropriate request with the Court for a determination of whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed.  A party who disagrees with another party's designation must abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

15. The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only."  The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by

10

the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

16. Designation by any party of information or documents as "Confidential" or "Attorneys' Eyes Only," or failure to so designate, will not constitute an admission that information or documents are or are not confidential. No party may introduce into evidence in any proceeding among the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that another party designated or failed to designate information or documents as "Confidential" or "Attorneys' Eyes Only."

17. Upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information

shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

18. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

19. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

20. If a party at any time notifies any other party that it inadvertently produced documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure, or if a receiving party discovers such inadvertent production,

the inadvertent production shall not be deemed a waiver of the applicable privilege or protection.  The receiving parties shall immediately return or certify, in writing to the producing party, the destruction of all copies of such documents, testimony, information, and/or things to the inadvertently producing party and shall not use such items for any purpose until further order of the Court.  In all events, such return or written notice of certification of destruction must occur within five (5) business days of receipt of notice or discovery of the inadvertent production.  The return of any discovery item to the inadvertently producing party shall not in any way preclude the receiving party from moving the Court for a ruling that the document or thing was never privileged.  With respect to electronic stored information ("ESI"), a disclosure shall qualify, without limitation, as inadvertent if the producing party has taken reasonable steps to identify privileged, immunized, or protected materials through the use of electronic searches.  The failure of the producing party to have actually reviewed any ESI after running search terms in an attempt to identify privileged documents shall NOT be considered a failure to take reasonable steps to identified privileged or protected materials.

21.     The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

IT IS SO ORDERED.

DATED this 20th day of June, 2025.

_____
Steven D. Grimberg
United States District Judge

## EXHIBIT A

I, _____, have been advised by counsel of record for _____ in the litigation entitled *Caceres et al. v. Sidley Austin LLP*, Case No. 1:23-CV-00844-SDG, currently pending in the United States District Court for the Northern District of Georgia, of the protective order governing the delivery, publication, and disclosure of confidential documents and information produced in such litigation. I have read a copy of the protective order and agree to abide by its terms.

Signature:

_____

Name:

_____

Date:

_____