**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

LUIS ALFREDO CÁCERES, *et al.*,

    Plaintiffs,

             v.

SIDLEY AUSTIN LLP,

    Defendant.

Civil Action No.
1:23-cv-00844-SDG

**ORDER**

This Order addresses a continuing discovery dispute over evidence bearing on Plaintiffs Luis Alfredo Cáceres's and Luis Angel Cáceres's reasonable diligence in uncovering the claims they bring against Defendant Sidley Austin in this case. In a prior order, the Court relied heavily on the Federal Circuit case *In re EchoStar Communications Corp.*, 448 F.3d 1294 (Fed. Cir. 2006), in ruling that the Cácereses had waived attorney-client privilege and work-product protection as to any communications to or from third party Smith, Gambrell & Russell LLP (SGR) about the Cácereses' potential claims against Sidley[1] — with the important caveat that the waiver would not extend "to SGR's 'own analysis and debate' over how to advise their clients."[2] The parties now return to the Court for guidance on whether the Cácereses' waiver of work-product protection extends to SGR's

---

[1] ECF 74, at 1.

[2] *Id.* at 8 (quoting *EchoStar*, 448 F.3d at 1303).

1

purely *internal* communications that tend to show its knowledge that Sidley's tax advice to the Cácereses was defective. The Court rules that the waiver of work-product protection extends to such communications here, because SGR's knowledge of facts is itself a relevant fact in this case.

This ruling turns on the distinction between "fact" and "opinion" work product. *See United States ex rel. Bibby v. Wells Fargo Bank, N.A.*, 165 F. Supp. 3d 1319, 1326 (N.D. Ga. 2015). Under Federal Rule of Civil Procedure 26(b)(3), the former is discoverable upon a party's showing that "it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." FED. R. CIV. P. (b)(3)(A)(ii). However, the latter—defined as "the mental impressions, conclusions, opinions, or legal theories of a party's attorney," FED. R. CIV. P. (b)(3)(B)—is protected by "a nearly absolute immunity" and is discoverable "only in very rare and extraordinary circumstances." *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir.), *opinion modified on reh'g*, 30 F.3d 1347 (11th Cir. 1994). Thus, for example, in the seminal case *Hickman v. Taylor*, the Supreme Court held that "direct interviews with [ ] witnesses" were discoverable, but an attorney's recollection of those witnesses' oral statements was not. 329 U.S. 495, 513 (1947).

Admittedly, the line between "fact" and "opinion" work product "is not always distinct"—especially where, as here, an attorney's opinion bears on a fact

at issue in the case. *EchoStar*, 448 F.3d at 1302. As the Court has already explained, the Cácereses have brought SGR's opinion into factual dispute by asserting tolling in response to Sidley's statute-of-limitations defense.[3] That factual dispute cannot reasonably be cabined to information communicated by SGR to the Cácereses. Under the Supreme Court of Georgia's decision in *Coe v. Proskauer Rose, LLP*, the Cácereses' tolling argument largely turns on whether they knew *or should have known* of facts that would have put them on notice that Sidley's tax advice was defective. 314 Ga. 519, 532 (2022). *Coe* suggests that SGR's knowledge of those facts can be imputed to the Cácereses for purposes of the tolling issue. *Id.* at 533 (assuming without deciding that an attorney's knowledge can be imputed to the client for tolling purposes). This suggestion is consistent with longstanding principles of Georgia agency law. *Roylston v. Bank of Am., N.A.*, 290 Ga. App. 556, 560 (2008) (imputing an attorney's knowledge to his client where the knowledge "come[s] to the attorney in and about the subject matter of his employment" (citation omitted)); *see also Bean v. Barron*, 176 Ga. 285, 260 (1933) (imputing to the client, with limited exception, all knowledge that an attorney acquires "relating to the subject–matter" of the attorney-client relationship). The upshot here is that by

---

[3]    ECF 74, at 2–3.

asserting tolling, the Cácereses have created a factual question as to SGR's purely internal communications about Sidley's tax advice.

In deciding whether such communications should be classified as "fact" or "opinion" for purposes of the work product doctrine, *EchoStar* advised courts to "balance the policies to prevent sword-and-shield litigation tactics with the policy to protect work product." 448 F.3d at 1302. Here, the balance favors Sidley. It would undermine the adversarial process to allow the Cácereses to use SGR's representation of them "both as a sword," by benefitting from an inference that their retention of SGR evidenced their reasonable diligence in uncovering their claims against Sidley,[4] "and as a shield," by using the work-product doctrine to prevent discovery into SGR's knowledge of facts underlying those very claims. *Id.* at 1303. The policy of protecting work product can still be served by limiting discovery to only those documents or testimony tending to show SGR's knowledge of the relevant facts, and by instructing that SGR's "own analysis and debate" of those facts be redacted or not be discoverable.

The Court therefore rules that SGR's knowledge of *facts* that would have put the Cácereses on notice that Sidley's tax advice was defective constitutes "fact"

---

[4] The Court declined to dismiss the Cácereses' complaint as untimely in large part because their retention of "experienced tax counsel" to defend against an adverse IRS permitted an inference of reasonable diligence. ECF 35, at 16.

work product. Evidence tending to show such knowledge are discoverable under Rule 26(b)(3)(A) because Sidley has a substantial need for them and cannot obtain them (or their substantial equivalents) by other means. The Cácereses and SGR are accordingly **ORDERED** to produce any withheld documents, with appropriate redactions, that show SGR's knowledge of facts tending to give notice that Sidley's tax advice was defective, including but not necessarily limited to direct or indirect references to the indictments and convictions of R.J. Ruble and of any other participants in the Cácereses' tax-shelter transaction. It is likewise **ORDERED** that the deposition of SGR's corporate designee Anthony Rollins be reopened to permit questioning into same.

 **SO ORDERED** this 21st day of July, 2025.

Steven D. Grimberg
United States District Judge
