# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| Luis Alfredo Cáceres and Luis Angel Cáceres, Individually, as executor of the Estate of Alfredo Cáceres, and as trustee of the Luis Angel Cáceres Charitable Remainder Unitrust,<br><br>   Plaintiffs,<br><br>  vs.<br><br>Sidley Austin LLP,<br><br>   Defendant. | Case No. 1:23-cv-00844-SDG |

## DEFENDANT'S MOTION FOR JUDICIAL NOTICE AND MEMORANDUM OF LAW IN SUPPORT

Defendant Sidley Austin LLP ("Sidley") hereby requests that the Court take judicial notice of the two documents listed herein, true and correct copies of which are attached hereto, in support of Defendant Sidley Austin LLP's Motion for Summary Judgment.

## LEGAL STANDARD

Pursuant to Federal Rules of Evidence 201, a federal district court may take judicial notice of any facts that are "not subject to reasonable dispute."  Fed. R. Evid. 201(b).  Judicially noticeable facts include those that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and

1

readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* A court may "take judicial notice of appropriate adjudicative facts at any stage in a proceeding, including at the summary judgment stage." *Lodge v. Kondaur Capital Corp.*, 750 F.3d 1262, 1273 (11th Cir. 2014). When, as here, a party has requested judicial notice of a fact or set of facts and supplied the court with "the necessary information," the court "*must* take judicial notice" of those facts. Fed. R. Evid. 201(c)(2) (emphasis added).

Courts may properly take judicial notice of public filings made in the same court or other district courts. *See U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 n.4 (11th Cir. 2015); *see also Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1041 n.8 (11th Cir. 2014). Courts may also properly take judicial notice of newspaper articles "for the limited purpose of determining which statements the documents contain." *Osheroff*, 776 F.3d at 811 n.4; *see also Alliance Premier Growth Fund v. Alliance Capital Mgmt.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006) (affirming decision to take judicial notice of newspaper articles for purposes of establishing "what was in the public realm at the time, not whether the contents of those articles were in fact true").

## REQUEST FOR JUDICIAL NOTICE

Sidley respectfully requests that the Court take judicial notice of the following documents, which are appropriate for judicial notice:

1.      A motion to dismiss filed by the Cácereses in the matter captioned *United States v. Henco Holding Corp. et al.*, Case No. 1:18-cv-03093-CAP (N.D. Ga.), on October 9, 2018, as ECF No. 29-1, a true and correct copy of which is attached to the Declaration of John B. Major in Support of Defendant Sidley Austin LLP's Motion for Summary Judgment as **Exhibit 43**.

2.      An order issued by the district court in the matter captioned *United States v. Henco Holding Corp. et al.*, Case No. 1:18-cv-03093-CAP (N.D. Ga.), dated April 13, 2021, staying the case, Dkt. No. 54, a true and correct copy of which is attached to the Declaration of John B. Major in Support of Defendant Sidley Austin LLP's Motion for Summary Judgment as **Exhibit 70**.

3.      A news article published by the Atlanta Journal-Constitution on September 1, 2005, titled "Former KPMG Atlanta Tax Partner Indicted," a true and correct copy of which is attached to the Declaration of John B. Major in Support of Defendant Sidley Austin LLP's Motion for Summary Judgment as **Exhibit 71**.

4.      A news article published by the New York Times on May 24, 2007, titled "Big Law Firm Won't Face Criminal Charges in Tax Case," a true and correct copy of which is attached to the Declaration of John B. Major in Support of Defendant Sidley Austin LLP's Motion for Summary Judgment as **Exhibit 72**.

Respectfully submitted,

[signatures on next page]

DATED:  September 24, 2025          MUNGER TOLLES & OLSON LLP

By: _____ */s/ John B. Major* _____

BRAD D. BRIAN (pro hac vice)
brad.brian@mto.com
JOHN B. MAJOR (pro hac vice)
john.major@mto.com
ROWLEY J. RICE (pro hac vice)
rowley.rice@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702

XIAONAN APRIL HU (pro hac vice)
april.hu@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW., Suite 500E
Washington, D.C. 20001-5369
Telephone:  (202) 220-1100
Facsimile:  (202) 220-2300

DATED:  September 24, 2025          CAPLAN COBB LLC

By: _____ */s/Jarred A. Klorfein* _____

MICHAEL A. CAPLAN (GA Bar No. 601039)
mcaplan@caplancobb.com
JARRED A. KLORFEIN (GA Bar No. 562965)
jklorfein@caplancobb.com
CAPLAN COBB LLC
75 Fourteenth Street, N.E., Suite 2700
Atlanta, Georgia 30309
Telephone:  (404) 596-5600
Facsimile:  (404) 596-5604

*Attorneys for Defendant*

4

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing was prepared in Times New Roman font,

14-point type, and complies with Local Rule 5.1(C).

This 24th day of September, 2025.

/s/ John B. Major

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2025, I electronically filed the

foregoing document through the Court's CM/ECF system, which will

automatically send electronic notification of such filing to all counsel of record.

This 24th day of September, 2025.

*/s/ John B. Major*

6